## JOHN H. ELLINGHAM v. VAN DOREN MOUNT.

1. The power of revision given to the Circuit Courts in case of contested county and township elections, can be exercised only with reference to the grounds of contest enumerated in the act.
2. In such procedure, the constitutionality of the law by force of which the election has been held, cannot be adjudged.

The regular township election in Monroe township, Middlesex county, took place March 8th, 1881, at which, among other officers, three constables were to be chosen.

Being the first election held since the passage of the act

entitled " An act relative to the election of constables," approved March 12th, 1880, (*Pamph. L., p.* 291,) it was conducted in conformity with the provisions of that act.

At said election there were four candidates for the office of constable, to wit, R. M. Van Derberg, Peter Dey, Van Doren Mount, and John H. Ellingham. The two first named were declared elected for the terms of three and two years respectively, in accordance with the act. Their election as constables is not disputed in this case.

The judges of election further declared that Mount had been chosen, at said election, as the third constable for said township, and should hold office for a term of one year.

Ellingham thereupon presented his petition to the Circuit Court of said county, pursuant to " An act to regulate elections," (*Rev., p.* 355, § 100, &c.,) claiming to have received a plurality over said Mount of four legal votes for said office of constable, and that, consequently, an error had been committed in counting said votes or declaring the result of said election.

Upon the matter coming on to be heard, judgment was rendered by said court, confirming the election of Mount, with costs.

From said judgment, this appeal is taken, pursuant to the act to regulate elections aforesaid. *Rev., p.* 357, § 113.

Argued at June Term, 1881, before Beasley, Chief Justice, and Justices Scudder, Knapp and Reed.

For the appellant, *Alan H. Strong.*

For the respondent, *C. T. Cowenhoven.*

The opinion of the court was delivered by

Beasley, Chief Justice. At the regular township election in Monroe township, in the county of Middlesex, which took place on March 8th, 1881, three constables were to be elected. This election was held, so far as related to

the office just specified, by force of the act entitled "An act relative to the election of constables," approved March 12th, 1880, (*Pamph. L., p.* 291,) and it is not claimed that the proceedings were not conformed to the directions of that statute. At this election, the appellant, Ellingham, was a candidate, and his competitor was the respondent, who was declared elected by the judges of election. From this decision Ellingham appealed by petition to the Circuit Court of the county of Middlesex, and upon that hearing the finding of the judges of election was affirmed.

The only ground urged before this court for the reversal of this judgment of affirmance is, that the act by force of which this election relative to the office of constable was held, is unconstitutional, inasmuch as it has, as is asserted, a local and special effect.

But an objection of this kind cannot be presented for judicial consideration in this mode. These proceedings calling in question this election, were instituted by the authority of the provisions of the election law embraced under the ninth head, which relates to contested elections of county and township officers. *Rev., p.* 355. The entire remedy thus given is a statutory device, and no part of it has any existence outside of this enactment; and, upon inspection, it will be found that the extent of this remedy has been carefully defined. The act, plainly, does not give this method of redress in every case in which an illegal election has occurred. If such had been the design, judicial jurisdiction over the subject would have been given in general terms; but, so far is this from having been done, the grounds of such jurisdiction are carefully specified and described; such grounds being distributed under seven distinct heads. In none of these can an objection to the law under which an election has taken place, because of its unconstitutionality, be embraced. And it seems to me manifest that it was not the intention of the legislature to place these matters of such grave importance under the cognizance of the circuit judge, in the form of a summary proceeding. That the errors, frauds, irregularities and illegali-

ties which not infrequently attend electorial procedures of this sort, conducted and presided over, as they generally are, by political partisans, should be placed under the corrective supervision of the courts, was reasonable enough. Such mistakes and misconduct seem to require an immediate rectification; but when the question whether a statute which forms the basis of the election itself arises, such expedition in the method of redress would be misplaced. But, as has been already remarked, the statute enumerates the causes for which an election may be put in contest by force of its provisions, and consequently an election cannot be called in question in such a procedure except for one of the causes so designated.

Let the judgment be affirmed.